

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Thornberry
District Attorney
Austin, Texas

Dear Sir:

Opinion No. O-3693
Re: Whether a district attorney
inducted into the United States
Army may continue to receive
his salary from the State as
district attorney.

We are pleased to comply with your request for an opinion from this department upon the question of whether or not you may continue to receive your salary as district attorney after you shall have been inducted into the United States Army under the Selective Service Act of the National Congress.

It is our opinion that Section 33 of Article XVI of the Constitution of Texas resolves this question in the negative. It reads as follows:

"The Accounting Officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution. Provided, that this restriction as to the drawing and paying of warrants upon the Treasury shall not apply to officers of the National Guard of Texas, the National Guard Reserve, the Officers Reserve Corps of the United States, nor to enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States, nor to retired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers and retired enlisted men of the United States Army, Navy, and Marine Corps. (Sec. 33, Art. 16, adopted election Nov. 8, 1932.)"

As district attorney your salary is paid by warrants drawn upon the treasury of the State of Texas. You are an officer of the State. As an inductee in the United States Army you will hold an "office or position of honor, trust or profit under . . . . the United States". And this even though your position in the United States Army may be only that of a private.

Included within the exceptions provided in Section 33 of Article XVI of the Constitution is the following: "nor to enlisted men of the National Guard". The inclusion of this classification within the exceptions demonstrates that enlisted men are included within the category of any officer of the State who holds "any other office or position of honor, trust or profit, under this State or the United States". Otherwise it would not have been necessary to describe and include enlisted men of the National Guard within the exceptions.

Appertaining to Section 33 of Article XVI of the Constitution, Opinion No. O-3335 by this department contains the following statement:

"From the above it is clear, without argument, that unless a man falls within one of the exceptions provided in the second sentence the Comptroller cannot issue him a warrant in consideration of any employment by the State subsequent to the time he is enlisted in the Army, whether as an officer or a private."

We have assumed that you are not an officer or enlisted man in the National Guard of Texas, the National Guard Reserve, or of the Organized Reserves of the United States. See Carpenter vs. Sheppard, 145 S. W. (2d) 562.

In as much as you inquire only concerning the receiving of your salary, under the circumstances described, we have deemed it unnecessary to discuss the question of a vacancy in your office, and other related questions, which you briefed in your letter.

It is therefore the opinion of this department that the Accounting Officers of this State are prohibited by the Constitution from drawing and paying a warrant for your salary as district attorney while you are serving as an inductee in the United States Army.

We express our appreciation for your brief upon the questions involved.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By ~~Zollie C. Steakley~~
Zollie C. Steakley
Assistant

ZCS:mp

APPROVED JUN 23, 1941

Glenn R. Lewis
Acting ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN